# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE           )
                                       )
           v.                    )
                                       )   I.D. No. 1110018073
                                     )              1110013616
TONY L. CLARK,             )
                                       )
          Defendant.       )

## ORDER

**AND NOW TO WIT**, this 5th day of November 2019, upon consideration of Defendant Tony Clark's ("Defendant") Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court:

1.      On June 8, 2012, Defendant was sentenced for Robbery First Degree, Possession of a Deadly Weapon during the Commission of a Felony, and Theft.[1] Defendant received fifteen years at Level V, suspended after six years at Level V Key, for transitioning levels of supervision between Level IV Crest and Level III Crest Aftercare.[2] For the Firearm charge, Defendant received a consecutive sentence

---

[1] Case Review Calendar Pled Guilty PSI Ordered/ Sentencing: 05/11/2012, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 7 (Feb. 13, 2012).
[2] Sentence: Corrected ASOP Order, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 10 (Jul. 12, 2012).

of four years at Level V.[3]  For the Theft charge, Defendant received one year at Level V, suspended for one year at Level III.[4]  In sum, he received eleven years of incarceration followed by transitioning levels of probation.

2.     Defendant has made numerous requests to J. Parkins to reduce or modify his Level V sentence.[5]  Superior Court Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[6]  Unlike the ninety-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.  J. Parkins denied his requests in 2012, 2014 and 2017.[7]

---

3 *Id.*
4 *Id.*
5 Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 11 (Aug. 27, 2012); Defendant's Motion for Modification (Correction) of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 13 (Apr. 28, 2014); Defendant's Request for Reconsideration of 5/20/14 Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 15 (June 03, 2014); Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 17 (Mar. 02, 2017);  Defendant's Notice to the Delaware Board of Pardons, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 19 (May 17, 2018); Defendant's Letter Requesting Change of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 21 (May 22, 2019); Defendant's Motion for Modiciation of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 22 (Aug. 26, 2019).
6 SUPER. CT. CRIM. R. 35(b) (emphasis added).
7 Order Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 12 (Del. Super. Sep. 21, 2012); Order Denying Defendant's Motion for Modification (Correction) of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 14 (Del. Super. May 20, 2014); Order Denying Defendant's Motion for Modification/ Reduction of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 16 (Del. Super. July 03, 2014); Order Denying Defendant's Motion for Modification of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 18  (Del. Super. Mar. 20, 2017).

3. On August 26, 2019, Defendant asked this Court to modify his Level IV and Level III sentence under Rule 35(b).[8] Defendant's sentence called for Defendant to complete Level IV Crest, and spend the remainder of his sentence at Level III Crest Aftercare. Defendant requests for the Court to modify his Level IV and Level III sentences to six months at Level IV Work Release followed by one year Level III (Hope Commission).[9] In support of his Motion, Defendant states the following grounds for relief: (1) "re-entry" – Defendant believes that the period of work release offered by Crest is insufficient to "save" money, (2) "work ethic" – Defendant contends that this modification will allow him to build work ethic and "healthy relations with people," and (3) "finance" – Defendant argues that six months of work release will "help [him] pay off all [his] fines, and give [him] the opportunity to secure [his] own bank account, and . . . housing."[10]

4. Under Superior Court Criminal Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[11] Defendant is not time-barred because he does not seek to modify or reduce his Level V sentence, but rather requests a modification of his probation.

---

8 Defendant's Motion for Modiciation of Sentence, *State of Delaware v. Tony L. Clark*, Crim. ID No. 1110018073, D.I. 22 (Aug. 26, 2019) [hereinafter "Def.'s Mot."].
[9] *See* Def.'s Mot.
[10] *Id.* at page 2.
[11] *Id.*

5. The Court acknowledges that the Defendant has admitted that his past substance abuse problems contributed to his involvement with the criminal justice system. However, the Court highlights that when administering Defendant's sentence, J. Parkins *specifically* sought this route of treatment for Defendant, including Key, Crest, and Crest After Care based on Defendant's history.

6. No additional information has been provided to the Court that would warrant a modification of this sentence. As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
Department of Justice
Investigative Services

4